UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPECIAL TREE REHABILITATION SYSTEM,

    Plaintiff,

v.

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.

_____/

Case No. 17-cv-12567

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS [#6]

### I. INTRODUCTION

Presently before the Court is Defendant Allstate Property and Causalty Insurance Company's ("Allstate") Motion to Dismiss. Dkt. No. 6. Defendant asserts that Plaintiff does not have a cause of action because Plaintiff is a healthcare provider. Plaintiff maintains that it has a cause of action because the injured party assigned Plaintiff her rights against Defendant. For the reasons that follow, the Court will deny Defendant's Motion to Dismiss.

### II. FACTUAL BACKGROUND

On August 4, 2012, Carol Baum was involved in a car accident and sustained bodily injury. Dkt. No. 1, pg. 9 (Pg. ID 9). Plaintiff, Special Tree

-1-

Rehabilitation System ("Special Tree"), was Baum's medical care provider as Baum recovered from her injuries. *Id.* Plaintiff provided medical services to Baum with an outstanding balance of over $148,000. *Id.* at pg. 10 (Pg. ID 10). Defendant Allstate is the insurer of Daniel Roy, the driver of the car that hit Baum. Dkt. No. 18, pg. 9 (Pg. ID 161). Plaintiff submitted reasonable proof of Plaintiff's medical bill balance to Defendant. Dkt. No. 1, pg. 10 (Pg. ID 10). However, Defendant has withheld full payment of the balance. *Id.* Baum assigned her rights to collect No Fault insurance benefits to Plaintiff on July 11, 2017. Dkt. No. 18-2, pg. 2 (Pg. ID 183). Ms. Baum also executed multiple other assignments of her rights to Plaintiff. *See* Dkt. No. 18-2. On May 1, 2017, Plaintiff commenced the present action in the Circuit Court for the County of Wayne, State of Michigan. Dkt. No. 1, pg. 11 (Pg. ID 11). Defendant removed the action to this Court on August 8, 2017. On December 20, 2017, Defendant filed its Motion to Dismiss. Dkt. No. 6. Plaintiff filed its response past the filing deadline on April 13, 2018.[1] Dkt. No. 18. Defendant did not file a reply.

### III. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) governs motions to dismiss. The court must construe the complaint in favor of the plaintiff, accept the allegations of the

---

[1] Plaintiff filed a Motion for Leave to File Late Response to Allstate's Motion to Dismiss on the same day that it filed its late response. This Court granted the Motion on May 3, 2018, and therefore accepts Plaintiff's Response as timely.

complaint as true, and determine whether plaintiff's factual allegations present plausible claims. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must "allege enough facts to make it plausible that the defendant bears legal liability." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016). The facts need to make it more than "merely possible that the defendant is liable; they must make it plausible." *Id.* "Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Id.* A claim will be dismissed "if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." *Riverview Health Inst., LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

## IV. DISCUSSION

On May 25, 2017, the Michigan Supreme Court decided *Covenant Medical Center, Inc. v. State Farm Mutual Automobile Insurance Company*, which held that health care providers no longer had a right to file a separate cause of action to recover the cost of the services they provided. 895 N.W.2d 490, 504–05 (Mich. 2017). Defendant uses this case to assert that Plaintiff, as a healthcare provider, does not have a statutory right of action to bring a claim. Dkt. No. 6, pg. 8 (Pg. ID 40). Defendant also asserts that Plaintiff has not proven Ms. Baum's assignment of rights to Plaintiff. *Id.* at pg. 9 (Pg. ID 41). Additionally, Defendant asserts that it is

ethically questionable for Plaintiff to obtain an assignment from Ms. Baum because she has an ongoing claim with Defendant. *Id.*

Plaintiff argues that it has a statutory right of action to bring a claim because Ms. Baum assigned her rights to Plaintiff. Dkt. No. 18, pg. 14 (Pg. ID 166). Plaintiff submitted multiple assignments through her guardian, Sue Morris, assigning her right to collect No Fault insurance benefits to Plaintiff. Dkt. No. 18-2, pg. 2–4 (Pg. ID 183–85).

In *Covenant*, the court noted that insureds could still assign their right to past or presently due benefits to a healthcare provider. *Covenant*, 895 N.W. at 505 n.40. In this case, Ms. Baum assigned her rights to Plaintiff. *Covenant* does not expressly prohibit this assignment. Therefore, this Court holds that Ms. Baum's assignment of her rights to Plaintiff is valid.

Plaintiff also anticipates that Defendant will argue that Ms. Baum's assignment is invalid because of an anti-assignment clause in Defendant's insurance policy for Daniel Roy. Dkt. No. 18, pg. 17 (Pg. ID 169). Michigan law holds that post-loss assignments are enforceable. *Marion v. Vaughn*, 163 N.W.2d 239, 244 (Mich. Ct. App. 1968); *see also Benson v. Assurity Life Ins. Co.*, No. 1:03-CV-817, 2004 WL 2106637, at *10 n.3 (W.D. Mich. June 16, 2004) (noting that "Michigan law allows for assignment of rights under an insurance policy after

a loss has occurred, even where the policy contains an anti-assignment clause"). In this case, the record does not contain a copy of Mr. Roy's insurance policy for the Court to review. However, assuming that there is a no-assignment clause, Michigan law still allows assignment after a loss. In this case, Ms. Baum assigned her rights to Plaintiff after she suffered a loss. Therefore, the assignment is valid. Further, Defendant did not assert that the assignment is invalid because of an anti-assignment clause in its Motion, nor did it file a reply that asserted this argument. Therefore, this Court still finds that Ms. Baum's assignment of her rights to Plaintiff is valid.

## V. Conclusion

For the reasons discussed herein, the Court will deny Defendant's Motion to Dismiss.

SO ORDERED.

Dated:   May 8, 2018

s/Gershwin A. Drain
Hon. Gershwin A. Drain
United States District Court Judge
